LONG BUILDING, INC., Plaintiff *v.* BUFFALO ANTHRACITE COAL CO., INC., Defendant.

Supreme Court, Special Term, Kings County, May 26, 1947.

*Louis Zimmerman* for defendant.

*Leo E. Sherman* for plaintiff.

HALLINAN, J. This is a motion by the defendant to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The gist of the complaint is that the defendant breached the covenant against subletting contained in the lease by subletting a portion thereof without the landlord's consent; that as a result of such subletting the defendant collected substantial sums of money, the amount of which the plaintiff has no knowledge; that the plaintiff has no adequate remedy at law, and, therefore, demands judgment for an accounting for the sums of money received by the defendant from the subtenant

The principal contention of the defendant is that the plaintiff does not state an equitable cause of action. It is well settled that "Where an adequate remedy at law is provided, the reason for granting equitable relief disappears " (*Lewis* v. *City of Lockport,* 276 N. Y. 336, 342); and if an equitable action does not lie, for the reason that the plaintiff has an adequate remedy at law, the defendant may, before answer, move to dismiss the complaint upon that ground (*Terner* v. *Glickstein & Terner, Inc.,* 283 N. Y. 299, 301; *Spring* v. *Fidelity Mutual Life Insurance Co.,* 183 App. Div. 134; *Peck* v. *Philipson,* 265 App. Div. 109; *Kalmanash* v. *Weinstein,* 64 N. Y. S. 2d 89).

An assignment of a lease without the lessor's consent, where the lease contains a provision prohibiting an assignment without such consent, is voidable (*Greene* v. *Barrett, Nephews & Co.,* 206 App. Div. 400). "If the landlord chooses to avail himself of the breach he can do so by re-entry or by enjoining the tenant from assigning, or *he can recover damages for breach of the covenant.*" (*Liebmann's Sons Brewing Co.* v. *Lauter,* 73 App. Div. 183, 184.) (Italics supplied.)

Here the plaintiff has not re-entered or sought an injunction. It seeks by this action the recovery of all sums of money received by the defendant from the subtenant. No accounting is necessary to determine the amount of money thus received. An action at law is adequate and therein the plaintiff can obtain an examination before trial and a discovery to determine the amount

which the defendant has received as a result of the subletting. The mere fact that the plaintiff is without present knowledge of the sums thus received, furnishes no basis for an equitable suit for an accounting (*Cooper* v. *Henkind,* 56 N. Y. S. 2d 846, 850).

It follows that the motion must be granted with leave, however, to the plaintiff to serve an amended complaint in accordance with the foregoing views within ten days of the service of the order hereon with notice of entry.

Submit order.