2018 UT App 167

# THE UTAH COURT OF APPEALS

RICHARD E. GARDINER,
Appellant and Cross-appellee,

*v.*

NELS ANDERSON,
Appellee and Cross-appellant.

Opinion
No. 20170551-CA
Filed August 30, 2018

Fourth District Court, Fillmore Department
The Honorable Jennifer A. Brown
No. 160700010

Todd F. Anderson, Attorney for Appellant
and Cross-appellee

Marlin J. Grant, Attorney for Appellee
and Cross-appellant

JUDGE KATE A. TOOMEY authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and DIANA HAGEN concurred.

TOOMEY, Judge:

¶1 Richard E. Gardiner (Landlord) appeals the district court's grant of summary judgment in favor of Nels Anderson (Tenant). Tenant cross-appeals the court's decision to award Landlord attorney fees with respect to Landlord's motions to strike and the court's denial of Tenant's request for attorney fees as the prevailing party. We affirm the district court's grant of summary judgment in favor of Tenant because Landlord's claim fails as a matter of law. We remand to the district court to provide findings of fact and conclusions of law to support its decision to award attorney fees to Landlord for the motions to strike. We reverse the district court's conclusion that the Lease did not trigger the reciprocal attorney fees statute and remand

for the court to determine whether Tenant should be awarded attorney fees as the prevailing party. We further conclude Tenant is entitled to attorney fees on appeal and remand to determine the reasonable amount of fees incurred on appeal and cross-appeal.

BACKGROUND

¶2 On November 1, 2013, Landlord and Tenant entered into a lease agreement (the Lease) for a warehouse building (the Warehouse) to last for two years until October 31, 2015. The Lease provided that Tenant was to "repair" the Warehouse "at [Tenant's] sole cost and expense, including, but not limited to, electrical fixtures, interior painting and decorating, and glass replacement." The agreed rent escalated gradually over time from $600 per month to $1,000 per month. The Lease prohibited Tenant from subleasing the Warehouse without Landlord's prior written consent. The sublease provision states:

> [Tenant] shall not . . . sublet or permit the leased premises or any part thereof to be used by others for any purpose, without prior written consent of [Landlord] being first obtained in each instance; provided, however, that regardless of any such assignment or sublease, [Tenant] shall remain primarily liable for the payment of the rent herein reserved and for the performance of all the other terms of this lease required to be performed by [Tenant].

¶3 Despite this provision, Tenant entered into an oral agreement to sublet the Warehouse to a subtenant (Subtenant), beginning November 1, 2013—the same day the Lease went into effect—without Landlord's written consent. Tenant and Subtenant orally agreed that Subtenant would pay $2,250 per month in rent from November 1, 2013, through October 31, 2014;

and $3,000 per month from November 1, 2014, through March 31, 2015. They later signed a written agreement to sublet[1] the Warehouse for $5,000 per month from April 1, 2015, to September 30, 2015.

¶4    In July 2015, Landlord discovered that Tenant was subletting the Warehouse and sent Tenant a letter in September 2015, giving Tenant written notice of his default of the sublease provision and giving him ten days to cure by paying Landlord $30,000. Because Tenant chose not to cure the breach, Landlord terminated the Lease pursuant to its default provisions. Tenant promptly vacated the Warehouse.

¶5    A few months later, Landlord filed a complaint, alleging that Tenant unlawfully detained the Warehouse, breached the Lease, and was unjustly enriched by the Sublease. Landlord claimed he had been damaged by the Sublease in the amount of $53,100, arguing that he "would have agreed to the Sublease if Tenant had paid Landlord the difference between Tenant's rent and what Tenant received from [Subtenant]." Landlord sought treble damages in the amount of $159,300 and reasonable attorney fees, arguing that the Sublease amounted to an unlawful detainer under Utah Code section 78B-6-802(1)(d). Alternatively, he sought $53,100 in damages for either breach of contract or unjust enrichment, stating that "it would be unjust for the Tenant to retain the benefit from the sublet rent that he received."

¶6    Tenant filed an answer and later a Motion to Dismiss or in the Alternative for Summary Judgment (Tenant's Motion for Summary Judgment). He attached a Verified Memorandum of Points and Authorities (the Verified Memorandum) in which he

---

1. We refer to the oral and written agreements, collectively, as the Sublease.

swore "under oath to tell the whole truth." In the Verified Memorandum, Tenant articulated material facts that were substantially similar to Landlord's complaint, including that Tenant breached the Lease, entered into a Sublease, chose not to cure the breach, and vacated in a timely fashion pursuant to the Lease's default provision. He referred to Landlord's complaint and the exhibits attached to it to support these facts. Tenant also argued that Landlord's unlawful detainer claim failed because Tenant returned possession of the Warehouse to Landlord before the term of the notice expired. He further argued that Landlord had no remedy for breach of contract because the Lease allowed Landlord to terminate the Lease and collect the $1,000 rent due each month through the end of the Lease, which included lost rents from Tenant between September 14, 2015, and October 31, 2015, but, according to Tenant, nothing in the Lease entitled Landlord to the rent from the Sublease. Finally, he argued that without evidence of an unlawful detainer or a provision in the Lease that would entitle Landlord to such damages, Landlord could not claim that Tenant was unjustly enriched from the rent collected under the Sublease.

¶7 Landlord opposed Tenant's Motion for Summary Judgment, arguing that the Verified Memorandum did not comply with rule 56 of the Utah Rules of Civil Procedure because it did "not state that the facts set forth in the pleading were true and correct to the personal knowledge of the signer," and instead "attempt[ed] to verify the entire contents of the pleading, not just the factual assertions, and some of the facts sworn were . . . mere assumptions or conclusions."[2] Landlord

---

2. We note that Landlord's complaint and motion for summary judgment also included "mere assumptions or conclusions," the most notable being that his statement of facts asserted that Landlord "would have agreed to the sublease if [Tenant] had

(continued…)

also "[d]isputed" many of the facts in the Verified Memorandum, essentially claiming that the facts were not relevant to the complaint or re-characterizing the way Tenant had articulated them.[3]

¶8    Landlord then filed his own motion for summary judgment (Landlord's Motion for Summary Judgment), asserting that there was no dispute as to any material fact and arguing that subletting the Warehouse without Landlord's written consent was an unlawful detainer and a breach of contract, which "entitled [him] to judgment" for $153,600[4] plus reasonable attorney fees and post-judgment interest. Shortly thereafter, Tenant filed a reply memorandum in support of his own motion for summary judgment and then a memorandum in opposition

---

(…continued)
paid [Landlord] the difference between [Tenant's] rent and what [Tenant] received from [Subtenant]."

3. For example, Tenant's Verified Memorandum stated that he did not hear from Landlord after Tenant vacated until he was served with a summons in May 2016. Landlord "[d]isputed" this fact and referred to his own affidavit stating that there was an email thread between Landlord and Tenant about an event unrelated to the dispute regarding the Lease, the Sublease, or the Warehouse. It would not be unreasonable to infer that Tenant's stated fact meant that he had not heard from Landlord with respect to the breach of the Lease or Landlord's request for the excess rent as damages as a consequence of that breach until he was served with a summons.

4. Landlord's calculation of damages in his motion for summary judgment differs from the amount articulated in his complaint. Because we conclude Landlord was not entitled to any of his claimed damages, we do not address this discrepancy.

to Landlord's Motion for Summary Judgment. Landlord filed motions to strike both of these replies (the Motions to Strike), claiming they were untimely filed and failed to comply with the Utah Rules of Civil Procedure. The district court heard argument on the Motions to Strike and ultimately struck Tenant's two reply memoranda for being untimely and ordered Tenant to pay Landlord attorney fees and costs related to the Motions to Strike. But the court determined that, because Tenant filed a motion for summary judgment, Landlord's Motion for Summary Judgment was opposed and the court would therefore "consider arguments and material" from the Verified Memorandum.[5]

---

5. Even in situations where a motion for summary judgment is unopposed, the moving party bears the burden of showing that it is entitled to summary judgment as a matter of law by demonstrating it is entitled to the remedy it seeks either under a contract or law. Utah R. Civ. P. 56(a). Summary judgment may be granted to a nonmoving party even if the nonmoving party did not file a memorandum in opposition to the moving party's motion for summary judgment. *See id.* R. 56(f)(1) (explaining that a court may enter judgment "independent of the motion" and may "grant summary judgment for a nonmoving party" "[a]fter giving [the nonmoving party] notice and a reasonable time to respond"). In addition, with respect to cross-motions for summary judgment, as is relevant here, each party "must establish its own entitlement to summary judgment rather than simply rely on the other party's failure on its own motion." *Martin v. Lauder*, 2010 UT App 216, ¶ 7, 239 P.3d 519. Further, this court has determined that "[c]ross-motions for summary judgment do not ipso facto dissipate factual issues, even though both parties contend that they are entitled to prevail because there are no material issues of fact." *Id.* ¶ 8 (quotation simplified). "Rather, cross-motions may be viewed as involving a contention by each movant that no genuine issue of fact exists

(continued…)

¶9    The district court considered both parties' motions for summary judgment. It concluded that nothing in the unlawful detainer statute or the Lease supported Landlord's claim for damages of $53,100 in rent Tenant obtained from the Subtenant. The court determined that "the only remedy [Landlord] appears to be entitled to is a declaration under [the unlawful detainer statute] that the [Lease] is forfeited due to [Tenant's] failure to perform a condition or covenant therein." Tenant complied with Landlord's notice to vacate when he elected to promptly vacate the Warehouse rather than cure the breach and therefore did not unlawfully possess it. The court further concluded that even if Tenant was in "unlawful detainer" of the Warehouse under Utah Code section 78B-6-802(1)(d) for unauthorized subletting, that section "does not specifically provide for damages for unauthorized subletting" and neither did the Lease. As a result, the court granted summary judgment in favor of Tenant and denied Landlord's cross-motion.

¶10    In light of judgment in his favor, Tenant requested attorney fees, contending that he was the prevailing party in the lawsuit because he successfully defended against Landlord's complaint. He also argued that he was entitled to attorney fees under the unlawful detainer statute because he successfully defended against the claim of unlawful detainer. Landlord challenged the request, arguing that the Lease's enforcement provision provided for attorney fees only to the

---

(…continued)

under the theory it advances, but not as a concession that no dispute remains under the theory advanced by its adversary." *Id.* (quotation simplified). "In effect, each cross-movant implicitly contends that it is entitled to judgment as a matter of law, but that if the court determines otherwise, factual disputes exist which preclude judgment as a matter of law in favor of the other side." *Id.* (quotation simplified).

party not in breach of the Lease. The enforcement provision states:

> Should either party default in the performance of any covenants or agreements contained herein, such defaulting party shall pay to the other party all costs and expenses, including but not limited to, . . . reasonable attorney's fee[s], including such fees on appeal, which the prevailing party may incur in enforcing [the Lease] or in pursuing any remedy allowed by law for breach hereof.

¶11 The district court denied Tenant's request, concluding that Tenant was the defaulting party and that the Lease "does not provide a basis for an award of attorney fees to . . . the party in default." The court further concluded that Landlord did not become the party in default by virtue of losing the lawsuit. The court also concluded that Tenant was not entitled to attorney fees under the unlawful detainer statute, because the provision that would have allowed for such an award was not in effect until May 2017,[6] after the complaint had been filed. Because the statute did not state that it could be applied retroactively and because the statute was not amended to clarify its meaning in response to judicial action, the court concluded Tenant was not

---

6. Effective May 9, 2017, the unlawful detainer statute was amended to add a subsection that states: "In an action under this chapter, the court may award costs and reasonable attorney fees to the prevailing party." Utah Code Ann. § 78B-6-811(5) (LexisNexis Supp. 2017). Prior to the amendment, only one subsection of the statute included attorney fees language: "The judgment shall be entered against the defendant for the rent, for three times the amount of the damages assessed under Subsections (2)(a) through (2)(e), and for reasonable attorney fees." *Id.* § 78B-6-811(3) (2012).

entitled to attorney fees under that statute. (Citing Utah Code Ann. § 86-3-3 (LexisNexis 2016); *Wasatch County v. Okelberry*, 2015 UT App 192, ¶ 17, 357 P.3d 586.)

¶12 Landlord appeals the court's grant of summary judgment in favor of Tenant. Tenant cross-appeals the court's order requiring him to pay attorney fees for the Motions to Strike and for the denial of his request for attorney fees as the prevailing party.

ISSUES AND STANDARDS OF REVIEW

¶13 Landlord contends the district court erred in granting summary judgment in favor of Tenant in three respects. He first argues that the court should have denied Tenant's Motion for Summary Judgment "on its face" because the Verified Memorandum did not include citations to "particular parts of materials in the record" in violation of rule 56(a) of the Utah Rules of Civil Procedure. Second, he argues that Landlord's Motion for Summary Judgment should have been granted because the court should have dismissed the Verified Memorandum in its entirety based on its failure to conform with rule 56 and therefore the court could not have relied on it as a replacement for Tenant's opposition to Landlord's Motion for Summary Judgment.[7] Third, Landlord argues that the court

---

7. Landlord further contends the district court erred in denying his motion for summary judgment because it was unopposed. We note, however, that in Landlord's Motion for Summary Judgment he cited the Verified Memorandum in his statement of facts to support the factual assertion of the amount of rent Tenant collected from Subtenant under the Sublease. He therefore relied on a document, the Verified Memorandum, that he asserts the court should not have considered in determining whether there was a dispute as to any material fact. We decline

(continued…)

erred in determining that the Lease did not afford him the damages he sought.[8]

¶14 Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). "We review the district court's grant of summary judgment for correctness and accord no deference to its conclusions of law."[9]

---

(…continued)

to address this claim for two reasons. First, as discussed *infra* ¶¶ 16–20, Landlord's claim fails as a matter of law, because the remedy he seeks is not available under the Lease or case law from any jurisdiction. Second, the district court has discretion in requiring compliance with briefing requirements under rule 56 of the Utah Rules of Civil Procedure, s*ee Bluffdale City v. Smith*, 2007 UT App 25, ¶ 5, 156 P.3d 175, and could therefore review the Verified Memorandum because it complied with the purpose of that rule and was beneficial to the court's determination.

8. On appeal, Landlord has abandoned his unlawful detainer claim and elected to proceed on the court's ruling only with respect to his claim for damages under the breach of the Lease.

9. We take this opportunity to address some confusion raised by Landlord as to the applicable standard of review. Use of the terms "for correctness," "de novo," and "correction of error" under the Issues and Standards of Review sections of our opinions mean that we afford "no deference" to the district courts' rulings with respect to their legal conclusions. *See Salt Lake County v. Holliday Water Co.*, 2010 UT 45, ¶ 14, 234 P.3d 1105 ("We review a summary judgment determination for correctness, granting no deference to the district court's legal conclusions." (quotation simplified)); *Innerlight, Inc. v. Matrix Group, LLC*, 2009 UT 31, ¶ 8, 214 P.3d 854 ("We review a district

(continued…)

*Dillon v. Southern Mgmt. Corp. Ret. Trust*, 2014 UT 14, ¶ 21, 326 P.3d 656 (quotation simplified). "We may affirm the result reached by the [district] court if it is sustainable on any legal ground or theory apparent on the record, even though that ground or theory was not identified by the lower court as the basis of its ruling." *Id.* (quotation simplified).

¶15 Tenant cross-appeals and contends the district court erred in awarding attorney fees to Landlord for the Motions to Strike.[10]

---

(…continued)
court's grant of summary judgment de novo, considering the record as a whole, with no deference afforded to the legal conclusions of the district court."); *Raile Family Trust ex. rel. Raile v. Promax Dev. Corp.*, 2001 UT 40, ¶ 8, 24 P.3d 980 ("On appeal from the district court's ruling on summary judgment, we apply a correction of error standard, affording the [district] court's ruling no deference.").

10. Landlord filed a motion to dismiss Tenant's cross-appeal with respect to this issue. Landlord contends the issue is "moot" because Tenant has already paid the attorney fees related to the Motions to Strike. In support, Landlord cites rule 58B(c) of the Utah Rules of Civil Procedure and *Richards v. Brown*, 2012 UT 14, 274 P.3d 911, *abrogated on other grounds by Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 59, 342 P.3d 761. But his reliance on these sources is misplaced. Under rule 58B(c), "[s]atisfaction of a judgment, whether by acknowledgment or order, discharges the judgment, and the judgment ceases to be a lien as to the debtors named and to the extent of the amount paid." Utah R. Civ. P. 58B(c). This means that the party who was paid the judgment cannot seek more damages for the same judgment from the same debtor (that is, the person who paid the judgment) after accepting the payment. As applied to this case, Landlord could not appeal any claimed error in the amount of attorney fees

(continued…)

(…continued)

awarded for preparing the Motions to Strike, because Tenant paid the attorney fees he was ordered to pay to satisfy the judgment and Landlord has accepted those fees. The rule does not, on its face, prohibit Tenant, as the debtor, from appealing the amount or the order.

Similarly, Landlord's use of *Richards* is misplaced. Landlord selectively quoted a "general rule" that did not apply in *Richards* and does not apply in this case. The *Richards* court explained, "The general rule is that if a judgment is *voluntarily paid*, and is accepted, and a judgment is thereby satisfied, the controversy has become moot and the right to appeal is waived." 2012 UT 14, ¶ 13 (emphasis added) (quotation simplified). But the *Richards* court determined that, although the appellant had accepted payment as satisfaction of the judgment of one of his claims, he did not waive his right to appeal because "the appeal is waived only for the specific claims upon which payment is accepted." *Id.* ¶¶ 13–16. The *Richards* court did not discuss whether a party who pays a judgment under protest is precluded from appealing whether the court properly ordered the payment. To the contrary, the Utah Supreme Court has clarified that, "although the general rule that voluntary payment of a judgment waives one's right to appeal is still valid, where a judgment debtor's intention of preserving his right to appeal is made to appear clearly on the record, he does not waive his right to appeal." *Mark Techs. Corp.*, 2014 UT 59, ¶ 33 (quotation simplified).

Here, although Tenant paid the fees, he did so under protest and is therefore not precluded from appealing the district court's order with respect to the propriety of those fees. *See id.* Tenant objected to the award of attorney fees to Landlord, requested the court stay the order awarding attorney fees until after a decision on appeal, and then filed a notice of cross-appeal with the intent to challenge that award, as well as the court's

(continued…)

Tenant further contends the court erred in denying his request for attorney fees as the prevailing party and for "defend[ing] against this unnecessary litigation" where Tenant timely vacated the Warehouse in accordance with the terms of the Lease. "Whether attorney fees are recoverable in an action is a question of law, which we review for correctness." *Express Recovery Services Inc. v. Olson*, 2017 UT App 71, ¶ 5, 397 P.3d 792 (quotation simplified). "We review the [district] court's determination as to who was the prevailing party under an abuse of discretion standard." *Id.* (quotation simplified).[11]

---

(…continued)
failure to award Tenant attorney fees for successfully defending the case. We conclude Landlord's argument is without merit and address both of Tenant's attorney fees issues.

11. Landlord also contends he "should have been awarded reasonable attorney's fee and costs and expenses where [Tenant] was found to have breached [the Lease] and thus was in default in the performance of [the Lease]." (Quotation simplified.) He asserts the issue was preserved because he requested reasonable attorney fees in Landlord's Motion for Summary Judgment, but that the court "did not address the issues, however, in its [ruling], presumably because, having held that [the Lease] does not provide for damages as requested by [Landlord], [Landlord] was also not eligible for a reasonable attorney's fee." This argument is unpreserved. "An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on it." *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828 (quotation simplified). We will not address an unpreserved issue on appeal unless the appellant argues that an exception to the preservation rule applies. *Id.* ¶¶ 12–13. Although Landlord vaguely requested reasonable attorney fees in his motion for summary judgment—

(continued…)

ANALYSIS

I. Motion for Summary Judgment

¶16   Landlord contends the district court erred in granting summary judgment in favor of Tenant for three reasons. But because we can affirm summary judgment on any ground or theory apparent on the record, regardless of whether it was identified by the district court as the basis of its ruling, *see Dillon*, 2014 UT 14, ¶ 21, we do not address each of his arguments and instead affirm on the basis that Landlord's claim fails as a matter of law. We agree with the district court that the Lease "does not provide for damages as requested by [Landlord]."

¶17   Landlord argues that "the law must provide a remedy in damages" and that "'damages are properly measured by the amount necessary to place the nonbreaching party in as good a position as if the contract had been performed.'"[12] (Quoting

_____

(…continued)
stating that his damages included "reasonably incurred attorney fees (provided for by contract)"—he did not argue below that the court improperly failed to rule on his request for attorney fees, and he failed to provide any argument below for why the Lease afforded him attorney fees even in the event summary judgment was granted in favor of Tenant as the defaulting party. He has also failed to argue an exception to the preservation rule. We therefore do not address the issue on appeal.

12. We are perplexed by Landlord's argument that the remedy he pursued under the Lease—either that Tenant pay $30,000 and evict Subtenant to cure the breach or vacate the premises and pay the rent due for the remainder of the Lease, which Tenant did—has not placed Landlord in the same position as Landlord would have been in if Tenant never breached the Lease.

*Alexander v. Brown*, 646 P.2d 692, 695 (Utah 1982).). He asserts that "it is an undisputed material fact that [he] would have agreed to the sublease if [Tenant] had paid [him] the difference between [Tenant's] rent and what [Tenant] received from [Subtenant]." For example, Landlord claims he deserves $4,000 per month for the months when Tenant was required to pay $1,000 per month for rent under the Lease and Subtenant was required to pay $5,000 per month for rent under the Sublease. Landlord argues that, had the parties entered into that agreement, he would have been paid the excess rent he now seeks. Though this might be true, we do not see how this legally entitles Landlord to the excess rent from the Sublease without a provision in the Lease providing for those damages. Instead, it appears Landlord is requesting the court to enforce "an alternative benefit to the bargain" than the agreement he reached with Tenant in the Lease based on "something he might have contracted for under different circumstances." *See Toll v. Tannenbaum*, 982 F. Supp. 2d 541, 559 (E.D. Pa. 2013). As in *Toll*, this argument fails because it is a request for equitable relief that "hinges on the existence of an agreement." *See id.* (quotation simplified). There was no agreement to pay the difference between Tenant and Subtenant's rent and there is nothing in the record to suggest that Tenant would have agreed to Landlord's conditions for consenting to the Sublease.

¶18 Because there is no Utah case law that has addressed whether a landlord can recover excess rents obtained by a tenant through a nonconforming sublease without a provision allowing for such recovery, we requested supplemental briefing from the parties to explain how other jurisdictions have addressed this issue. Landlord has failed to provide case law from any jurisdiction that has addressed the issue with facts similar to this case that would support his request for damages. He cites *Long Building v. Buffalo Anthracite*

*Coal Co.*, 74 N.Y.S.2d 281 (N.Y. Special Term 1947),[13] in which a landlord sued a tenant for breach of lease for subletting a portion

---

13. Landlord also cites *Theater Row Phase II Associates v. National Recording Studios, Inc.*, 291 A.D.2d 172 (N.Y. App. Div. 2002). In that case, the court stated, "We perceive no logical support for the absolute rule relied upon by [the tenant] that damages for breach of a covenant against unauthorized subletting may under no circumstances include any of the rental fees collected by the tenant from its subtenant." *Id.* at 175. The court concluded that, in that "particular instance[,] it [was] especially inappropriate" to determine that excess rent was not a consequential damage of an illegal sublease, "because the terms of the lease tend[ed] to support [the landlord's] right to claim entitlement to the excess rents collected by the tenant from its subtenant beyond the amount payable to the landlord." *Id.* at 176. This was because "the contract [gave] the landlord the option to sublease any space the tenant propose[d] to sublease," and it was therefore "possible to infer that the parties intended to give the landlord the right to any expected profits that could be derived from a sublet." *Id.*

Landlord's supplemental brief uses this case to support a new argument under a different provision of the Lease—paragraph 22(C)(4)—for his ability to collect the excess rent obtained under the Sublease. Landlord never argued in his opening brief on appeal, let alone to the district court in Landlord's Motion for Summary Judgment, that paragraph 22(C)(4) governs whether he is entitled to the damages he seeks. It would be unfair to entertain this new argument because Tenant did not have an opportunity to respond. *Cf. Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 (explaining that the requirement that "an appellant's reply brief shall be limited to answering any new matter set forth in the opposing brief" is "rooted in considerations of fairness" because "if new issues could be raised in a reply brief, the appellee

(continued…)

of the property without the landlord's consent. *Id.* at 282. The landlord claimed he had "no adequate remedy at law, and, therefore, demand[ed] judgment for an accounting for the sums of money received by the [tenant] from the subtenant." *Id.* But the court explained that "[i]t is well settled that where an adequate remedy at law is provided, the reason for granting equitable relief disappears[,] and if an equitable action does not lie, for the reason that the plaintiff has an adequate remedy at law, the defendant may, before answer, move to dismiss the complaint upon that ground." *Id.* (quotation simplified).

¶19 Here, Landlord not only had an adequate remedy at law explicitly provided for under the Lease, he also pursued that remedy, and Tenant complied. Landlord first sent a notice to

---

(…continued)
would have no opportunity to respond to those arguments" (quotation simplified)). We conclude this requirement applies equally to new arguments raised in a supplemental brief that responds to the court's request for case law that supports the arguments already made by the appellant. *Cf. id.* ("It is well settled that issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court." (quotation simplified)); *see also* 4 C.J.S. *Appeal & Error* § 737 (2018) ("Ordinarily only such points as are made and relied on in the original briefs will be considered by the reviewing court in disposing of the case, and supplemental, additional, or amended briefs setting up errors not specified in the original briefs cannot be filed without leave of court or consent of the opposite party, except to the extent that the assignments of error suggest fundamental error." (quotation simplified)). We also note, with some irony, that Landlord filed a motion to strike Tenant's supplemental brief for this exact reason, requiring Tenant to respond to the motion.

Tenant to cure the default by paying $30,000 and evicting Subtenant. When Tenant did not comply, Landlord sent another notice stating: "Because you did not cure the default . . . I hereby exercise my right, pursuant to ¶ 22(C)(1) of the Lease, to terminate the Lease and hereby notify you that the Lease is terminated. Pursuant to ¶ 22(C)(1) of the Lease, you must 'surrender possession of the premises immediately.'"

¶20   Because Landlord pursued an adequate remedy at law for Tenant's breach, because the Lease did not provide for excess rent as damages for a nonconforming sublease, and because Landlord has not articulated any means by which he was actually damaged or injured by the Sublease, we conclude that Landlord's claim fails as a matter of law. We therefore affirm the district court's grant of summary judgment in favor of Tenant and the denial of Landlord's motion for summary judgment.[14]

---

14. Landlord argues that, although Tenant never claimed to have cured the breach by paying Landlord the excess rent obtained under the Sublease, the "district court erred as a matter of law" when it "nonetheless concluded, without citing any authority, that because the 'lease agreement does not provide for damages,' [Tenant] was entitled to summary judgment." Landlord's entire argument below with respect to damages resulting from the breach of the Lease amounted to three paragraphs in which he (1) restated the sublease provision and the notice to cure provision of the Lease; (2) included his own statement that he would have given consent to a sublease based on the condition that he receive the excess rent from the sublease; and (3) provided two quotes from cases that stated that "[i]t is axiomatic in the law that for every wrong there is a remedy," *Kramer v. Pixton*, 268 P. 1029, 1032 (Utah 1928), and "[d]amages are properly measured by the amount necessary to place the nonbreaching party in as good a position as if the contract had

(continued…)

## II. Attorney Fees

### A. Motions to Strike

¶21    Tenant asserts on cross-appeal that the district court erred in ordering Tenant to pay attorney fees for the Motions to Strike. "Whether attorney fees are recoverable in an action is a question of law, which we review for correctness." *Federated Capital Corp. v. Haner*, 2015 UT App 132, ¶ 9, 351 P.3d 816 (quotation simplified). To the extent that the district court exercised its discretion to award attorney fees under either statute or one of the Utah Rules of Civil Procedure, we review its decision for an abuse of discretion. *See id.* ¶¶ 9–10. Here, the court failed to provide any findings of fact or conclusions of law to support the award. It is unclear whether the fees were awarded under a provision of the Lease, a statute, or one of the Utah Rules of Civil Procedure. This is concerning, because Landlord never requested attorney fees in either of his Motions to Strike. We therefore remand to the district court to revisit whether attorney

---

(…continued)

been performed," *Alexander v. Brown*, 646 P.2d 692, 695 (Utah 1982). First, the court was not required to support its decision with legal authority that the Lease did not provide for the damages Landlord sought, because Landlord did not direct the court to any language in the Lease that provided for such damages. Second, it was Landlord's burden to provide an argument and supporting legal authority to show that he was entitled to summary judgment as a matter of law. *See* Utah R. Civ. P. 56(a); *id.* R. 7(d)(1)(B). Similar to our requirements on appeal that an appellant's arguments must be adequately briefed so as not to "dump the burden of argument and research" on the court, it is not the district court's burden to research and develop arguments for a moving party and then rebut them. *Cf. Johnson v. Johnson*, 2014 UT 21, ¶ 20, 330 P.3d 704.

fees for the Motions to Strike are appropriate and, if so, to supplement the order with findings of fact and conclusions of law to support its decision.

B.     Reciprocal Attorney Fees

¶22     Tenant further contends on cross-appeal that the district court erred in denying attorney fees to Tenant as the prevailing party.[15] We agree.

¶23     Although we review whether an award of attorney fees is appropriate for correctness, "we review certain related issues for an abuse of discretion," such as "the determination of which party prevailed in a civil action." *Id.* (quotation simplified).

¶24     Utah Code section 78B-5-826 provides that a court may award costs and attorney fees to the prevailing party in a civil action that is based upon a written contract and that written contract "allow[s] at least one party to recover attorney fees." Utah Code Ann. § 78B-5-826 (LexisNexis 2012); *see also Haner*, 2015 UT App 132, ¶ 11 ("Under Utah's reciprocal attorney fee statute, courts may award attorney fees to the prevailing party of a contract dispute so long as the contract provided for the award of attorney fees to at least one of the parties[.]"). *But see*

---

15. Tenant also contends the district court erred in denying his request for attorney fees as the prevailing party in an unlawful detainer action, *see* Utah Code Ann. § 78B-6-811(5) (LexisNexis Supp. 2017), and for filing the complaint and corresponding motions in bad faith, *see id.* § 78B-5-825 (2012). Because we conclude the court erred in determining that the reciprocal attorney fee statute did not apply and remand for consideration of whether Tenant should be awarded attorney fees for successfully defending against the complaint and prevailing on summary judgment, we decline to address the merits of these arguments.

*Blackmore v. L & D Dev. Inc.*, 2016 UT App 198, ¶¶ 39–43, 382 P.3d 655 (explaining that a district court erred when relying on a "prevailing party" standard where the contract included only "defaulting party" language).

¶25   Here, the enforcement provision of the Lease provides that the "defaulting party shall pay to the other party all costs and expenses, including but not limited to, a reasonable attorney's fee including such fees on appeal, which the *prevailing party* may incur in enforcing [the Lease] or in pursuing any remedy allowed by law for breach hereof." (Emphasis added.) Although this language provides that the defaulting party must pay the prevailing party, "Utah courts generally apply a common sense flexible and reasoned approach to the interpretation of contractual 'prevailing party' language." *See Express Recovery Services Inc. v. Olson*, 2017 UT App 71, ¶ 10, 397 P.3d 792 (quotation simplified) (quoting *A.K. & R. Whipple Plumbing & Heating v. Guy*, 2004 UT 47, ¶ 14, 94 P.3d 270).

¶26   The district court determined that "the fact that [Landlord] pursued damages against [Tenant] that were ultimately unsuccessful" does not translate into an award of attorney fees to Tenant because, "[a]s in *Blackmore*, 'this provision clearly provides that the party who defaults is liable for attorney fees' and it would be error for this Court to award attorney fees by deeming [Tenant] as the prevailing party under the reciprocal attorney fee statute." (Quotation simplified.) We disagree. In *Blackmore*, the contract provided only "defaulting party" language and not "prevailing party" language. Here, the Lease included both. And, under the circumstances of this case, when "apply[ing] a common sense flexible and reasoned approach to the interpretation of contractual 'prevailing party' language" of the Lease, Tenant could have received costs and attorney fees as the prevailing party. *See Express Recovery Services Inc.*, 2017 UT App 71, ¶ 10; *see also Hooban v. Unicity Int'l Inc.*, 2012 UT 40, ¶ 12, 285 P.3d 766 (explaining that the reciprocal

attorney fees statute "consists of a conditional if/then statement: (a) If the provisions of a written contract allow at least one party to recover attorney fees in a civil action based upon the contract, (b) then a court may award attorney fees to either party that prevails"). Tenant successfully defended against the complaint and prevailed on summary judgment because Landlord was not entitled to judgment either under the Lease or Utah law.

¶27 We conclude that the district court erred in determining that the Lease did not trigger the reciprocal attorney fee statute, because the enforcement provision of the Lease awarded attorney fees to the prevailing party and Tenant prevailed against Landlord's complaint. *See Hooban*, 2012 UT 40, ¶ 12. Although Tenant was the defaulting party, he had already cured the default pursuant to the explicit requirements of the Lease by the time Landlord filed the complaint, and Tenant was the prevailing party in enforcing the Lease and defending against Landlord's claims under the unlawful detainer statute and breach of contract.[16] We therefore remand to the district court to

---

16. We also take this opportunity to note that Landlord engaged in a pattern of filing motions below and on appeal that appear to be for purposes of delay or increasing the costs of litigation, further supporting our conclusion that Tenant likely should have been awarded attorney fees under the Lease as the prevailing party. Landlord's responses to Tenant's motions, the Motions to Strike below and on appeal, and Landlord's motion to dismiss the cross-appeal all claimed to be based on strict compliance with the Utah Rules of Civil Procedure and the Utah Rules of Appellate Procedure. We agree that compliance with the rules is important, but the extent to which Landlord has attempted to enforce them is not well taken. We agree with Tenant that on numerous occasions, Landlord, through his attorney, has "belittled" Tenant and filed "needless motions to strike" in an attempt to "avoid . . . full briefing on the merits of the case."

(continued…)

(…continued)

Indeed, our review of the record shows that many of these filings appeared to "harass [Tenant] or to cause unnecessary delay or needless[ly] increase the cost of litigation." *See* Utah R. Civ. P. 11(b)(1); Utah R. App. P. 40(b)(1). For example, Tenant filed a notice of supplemental authority with the district court, informing the court of a recent opinion issued by this court, *Express Recovery Services Inc. v. Olson*, 2017 UT App 71, 397 P.3d 792. In this notice, Tenant explained how *Express Recovery* supported his claim for attorney fees as the prevailing party in a contract case where the contract awards attorney fees to the prevailing party. *See id.* ¶¶ 17–19 (concluding that a party was the prevailing party below, vacating the district court's order denying that party's request for attorney fees, and remanding to the district court to determine reasonable attorney fees). Tenant also attached to the notice a printed copy of the case. Landlord filed a response, arguing that the court should not consider the notice, because it did not comply with rule 7(i) of the Utah Rules of Civil Procedure. Specifically, he argued:

> Rule 7(i) provides in pertinent part that, when a party files a notice of citation to supplemental authority, that notice must state "the citation to the authority the page of the motion or memorandum or the point orally argued to which the authority applies, and the reason the authority is relevant." *[Tenant's] notice does not state "the page of the motion or memorandum to which the authority applies."* The court should thus not consider [his] notice.

(Emphasis added.) (Quotation simplified.) It is obvious from the language of the notice that Tenant was referring to his motion requesting attorney fees as the prevailing party on summary judgment. Therefore, the notice was sufficient for the purpose of rule 7(i). Landlord's response to the notice resulted in Tenant filing a reply to the notice to rebut this argument. Landlord then

(continued…)

(…continued)

filed a motion to strike this reply, arguing that only the notice and a response by the opposing party is permitted under rule 7(i) and "no other memorandum is permitted." Landlord also requested time at an upcoming hearing to address the issue. Although the district court agreed with Landlord, we are perplexed as to the reasoning because nothing in rule 7(i) *prohibits* a reply under these circumstances. *See* Utah R. Civ. P. 7(i). We are unaware of any Utah case law that has addressed this issue.

On appeal, Landlord filed a motion to dismiss Tenant's cross-appeal, arguing that Tenant's docketing statement included argument in violation of rule 9 of the Utah Rules of Appellate Procedure. This court denied this motion to dismiss because "[t]he docketing statement [was] sufficient to meet the purposes stated in rule 9(a)." Landlord then filed a motion to dismiss Tenant's cross-appeal with respect to whether the court erred in awarding attorney fees to Landlord on the Motions to Strike, arguing the issue was moot because Tenant had already paid those fees. We rejected that argument above, explaining that Landlord failed to cite relevant case law in support of his argument and that Utah case law specifically states that this type of issue is not moot when the party objected on the record to the award and paid the fees under protest. *See supra* note 10. Landlord also filed a motion to strike Tenant's supplemental brief, yet, as we noted previously, Landlord's supplemental brief included the same errors that he claimed Tenant's brief included. *See supra* ¶ 18 & note 13. And in his reply brief on appeal, Landlord argued that one of the facts Tenant had stated in his response brief about an email from October 27, 2014, in which he informed Landlord about a neighbor (Subtenant) who had suffered a fire and needed to use the Warehouse, "not only [was] not before the district court, but [was] an erroneous characterization of the [email]." This fact was before the district

(continued…)

determine whether Tenant should be awarded attorney fees for successfully defending against Landlord's complaint.

¶28 Tenant has also requested attorney fees on appeal. Generally, "when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Golden Meadows Props., Inc. v. Strand*, 2010 UT App 258, ¶ 13, 241 P.3d 371 (quotation simplified). Although Tenant was not awarded attorney fees below, "we have held that such fees may have been warranted and remand for further consideration of the issue." *See Kimball v. Kimball*, 2009 UT App 233, ¶¶ 50–52, 217 P.3d 733 (holding that attorney fees may have been warranted below and remanding to the district court for factual findings to support an award of attorney fees to the husband, but also concluding that the husband was not entitled to attorney fees incurred on appeal because he did "not substantially prevail on appeal"). We therefore conclude Tenant is entitled to attorney fees incurred on appeal for substantially prevailing on appeal. *See id.*

---

(…continued)

court, not only because it was supported in an exhibit to the Verified Memorandum, but also because Landlord referred to it in his own affidavit in support of his opposition to Tenant's Motion for Summary Judgment. And our review of that email supports Tenant's explanation that a neighbor suffered a fire and would be using the Warehouse to "house supplies until he has time to get his facility rebuilt" and that Tenant "just wanted to let [Landlord] know of [his] intentions and use of the building in order to maintain transparency."

The record is replete with examples such as these and many appear to have served to delay the proceedings, distract the court from the merits of the issues, mislead this court on appeal, and increase the costs of litigation. *See* Utah R. Civ. P. 11(b)(1); Utah R. App. P. 40(b)(1).

CONCLUSION

¶29    We affirm the district court's grant of summary judgment in favor of Tenant because Landlord's claim fails as a matter of law. We reverse the district court's conclusion that the Lease did not trigger the reciprocal attorney fee statute and remand for the court to determine whether Tenant should be awarded attorney fees for successfully defending against Landlord's complaint and successfully enforcing the Lease. We further conclude that Tenant is entitled to attorney fees on appeal, as well as on cross-appeal, because he has substantially prevailed on appeal and "we have held that such fees may have been warranted" below. *See Kimball*, 2009 UT App 233, ¶¶ 50–52. We also remand for the court to revisit its decision regarding the award of attorney fees to Landlord for the Motions to Strike. If the court determines that the award is appropriate, it must provide findings of fact and conclusions of law to support its decision.

_____