**2022 UT 42**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

RICHARD E. GARDINER,
*Appellant,*

*v.*

NELS ANDERSON,
*Appellee.*

No. 20220146
Filed December 15, 2022

On Direct Appeal

Fourth District, Millard
The Honorable Anthony Howell
No. 160700010

Attorneys:

Todd F. Anderson, Delta, for appellant

Marlin J. Grant, Michael D. Zilles, Logan, for appellee

JUSTICE PETERSEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE POHLMAN, and JUDGE TENNEY joined.

Having recused herself, JUSTICE HAGEN does not participate
herein; COURT OF APPEALS JUDGE RYAN D. TENNEY sat.

JUSTICE PETERSEN, opinion of the Court:

## INTRODUCTION

¶1    We retained this appeal to address only one issue: the reasonableness of the district court's attorney fee award to the appellee. However, the appellant has not addressed this issue. Instead, he has attempted to reargue a contention that the court of appeals rejected in a prior appeal—that the appellee is not entitled to an attorney fee award. The court of appeals decided that question in the appellee's favor, and we denied the appellant's petition for certiorari. It is therefore the law of the case that the appellee is entitled to his attorney fees. The only question

properly before us in this subsequent appeal is whether the amount of the attorney fees awarded to the appellee is reasonable.

¶2 By declining to address that issue, the appellant has waived it. Accordingly, we do not disturb the district court's award of attorney fees. We further conclude that the appellee is entitled to recover the reasonable attorney fees he has incurred defending against this appeal. And we remand to the district court for the sole purpose of calculating those fees.

## BACKGROUND

¶3 In 2013, Nels Anderson leased a warehouse from Richard Gardiner. The lease prohibited Anderson from subletting the warehouse without Gardiner's prior written consent. But Anderson did just that and made a healthy profit.

¶4 Two years later, Gardiner discovered Anderson's arrangement. He sent Anderson written notice of his breach, giving him ten days to cure it. Anderson chose not to cure and vacated the warehouse. So Gardiner terminated the lease.

¶5 Gardiner then sued for unlawful detainer, breach of lease, and unjust enrichment. He sought damages in the amount of the profits that Anderson had earned from subletting the warehouse.

¶6 Anderson moved for summary judgment, arguing that Gardiner's claim for damages was "nonexistent." The district court agreed and granted Anderson's motion, finding no "support for these damages in the unlawful detainer statute or the lease agreement." Anderson then moved to recoup his attorney fees, arguing that he was the "prevailing party" because he had successfully defended against Gardiner's claims. He asserted that the language of the lease agreement was sufficiently broad to warrant an award of fees to the prevailing party when read in conjunction with Utah's reciprocal attorney fee statute. The district court ultimately disagreed and denied Anderson's request for attorney fees.

*First Appeal - Gardiner I*

¶7 Both parties appealed the district court's decision—with Gardiner arguing that the court erred in granting summary judgment to Anderson, and Anderson arguing that the court should have granted his request for attorney fees. And in August 2018, the court of appeals issued its first decision in this case (*Gardiner I*). The court of appeals affirmed the district court's summary judgment ruling, but it reversed the court's ruling on

attorney fees. *Gardiner v. Anderson*, 2018 UT App 167, ¶ 1, 436 P.3d 237. The court of appeals held that the lease triggered Utah's reciprocal attorney fee statute, *id.* ¶ 27, which permits a district court to award costs and attorney fees to the prevailing party in a civil action based upon a written contract that "allow[s] at least one party to recover attorney fees," *id.* ¶ 24 (alteration in original) (quoting UTAH CODE § 78B-5-826). And it determined that Anderson "was the prevailing party in enforcing the Lease and defending against [Gardiner's] claims." *Id.* ¶ 27. The court of appeals then remanded for the district court "to determine whether [Anderson] should be awarded attorney fees for successfully defending against [Gardiner's] complaint." *Id.*; *see also id.* ¶ 29. Additionally, it held that Anderson was "entitled to attorney fees incurred on appeal for substantially prevailing on appeal." *Id.* ¶ 28.

¶8 Gardiner petitioned for certiorari, but we denied his petition. On remand, the district court awarded Anderson attorney fees and costs against Gardiner totaling $26,412.58 — including $7,143.75 for time spent on the initial case and summary judgment and $18,855 for time spent on appeal, among other costs.

*Second Appeal - Gardiner II*

¶9 Gardiner appealed the district court's attorney fee order. But instead of attacking the order itself, he largely repeated the arguments he made in *Gardiner I* as to why Anderson was not entitled to attorney fees under the lease agreement. As the court of appeals had already rejected this argument in *Gardiner I*, it issued an order of affirmance (*Gardiner II*), concluding that "the district court correctly followed [its] guidance on remand and there [was] no basis for disturbing [its] prior holding that [Anderson] was eligible for an award of attorney fees."

¶10 The court of appeals also concluded that Gardiner's continued arguments against *Gardiner I* were barred by the law of the case doctrine. More specifically, the court explained that the mandate rule "dictates that pronouncements of an appellate court on legal issues in a case become the law of the case and must be followed in subsequent proceedings of that case." (Quoting *Thurston v. Box Elder Cnty.*, 892 P.2d 1034, 1037 (Utah 1995).) And it concluded that "[a]pplication of the mandate rule effectively disposes of [Gardiner's] claims."

¶11 Following the court of appeals' decision in *Gardiner II*, Gardiner once again petitioned for certiorari. We denied the

petition. In doing so, we granted Anderson's request for attorney fees incurred in responding to the petition. And we remanded to the district court "for the limited purpose of ascertaining the amount of those fees."

¶12 On remand, Anderson sought attorney fees for 33.75 hours spent preparing the opposition brief filed in the court of appeals and 6.25 hours spent responding to Gardiner's petition for certiorari. Gardiner did not oppose the fees associated with the petition at that time, but he did oppose the 33.75 hours of work associated with the proceeding in the court of appeals. He argued that since the court of appeals' order of affirmance did not explicitly award Anderson any attorney fees, the district court could not award any fees for time spent on that appeal. Gardiner also argued that "[t]he hours purportedly incurred in preparing the opposition brief filed in the Court of Appeals" were "grossly exaggerated and unreasonable."

¶13 The district court rejected Gardiner's arguments. And on January 13, 2022, it awarded Anderson $9,000 in attorney fees and $162 in costs.

*Third Appeal*

¶14 This brings us to the present appeal, which is Gardiner's third in this case. Gardiner appealed the district court's January 2022 order awarding attorney fees. He then requested that we retain the case and overturn the court of appeals' decision in *Gardiner I* because, according to Gardiner, "the Court of Appeals got the law wrong." We retained Gardiner's appeal, but we made it clear in a scheduling order that the only issue properly before us was the amount of fees the district court calculated on remand.

**STANDARD OF REVIEW**

¶15 "Calculation of reasonable attorney fees is in the sound discretion of the trial court . . . ." *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988) (citation omitted). We will not disturb the trial court's fee calculation absent a showing that the court abused its discretion. *Id.* (citation omitted).

**ANALYSIS**

¶16 The only issue before us in this appeal is the reasonableness of the district court's January 2022 award of attorney fees. We begin by discussing Gardiner's failure to address this issue, and we conclude that this results in Gardiner waiving any challenge to the amount of the district court's fee

4

award. We then address Anderson's request for attorney fees incurred on this appeal, and we conclude that such an award is appropriate.

## I. WAIVER

¶17 In this case, we issued a narrow scheduling order, which instructed the parties that the "sole issue that will be considered on appeal is whether the district court erred in setting the amount of the fees specified in its January 13, 2022 order." Gardiner has interpreted this scheduling order to allow him to relitigate his arguments about why Anderson is not entitled to fees under the lease agreement. His interpretation of our order is incorrect. As the court of appeals made clear in *Gardiner II*, its decision in *Gardiner I*—that Anderson is eligible for attorney fees under the reciprocal fee statute—is the law of the case. That means the issue is not up for reconsideration or relitigation. So our review is confined to the reasonableness of the district court's $9,162 attorney fee award in January 2022.

¶18 However, Gardiner fails to address the amount of the district court's fee award. At the district court level, Gardiner did make several arguments against the $9,162 figure. *See supra* ¶ 12. Yet on appeal, Gardiner abandons these arguments. Instead, he attempts to persuade us to overturn *Gardiner I*.

¶19 By failing to address the fees calculated in the January 13, 2022 order, Gardiner has waived his right to challenge their reasonableness. *State v. Johnson*, 2017 UT 76, ¶ 16, 416 P.3d 443 ("When a party fails to raise and argue an issue on appeal . . . that issue is waived and will typically not be addressed by the appellate court." (citing *Allen v. Friel*, 2008 UT 56, ¶¶ 7–8, 194 P.3d 903)). Accordingly, we will not disturb the district court's award of attorney fees.

## II. ATTORNEY FEES

¶20 Anderson argues that he should be granted the attorney fees that he has incurred on this appeal. Where a "party entitled to attorney fees below prevails on appeal, [an] award of attorney fees on appeal is proper." *Meadowbrook, LLC v. Flower*, 959 P.2d 115, 120 (Utah 1998) (citing *R & R Energies v. Mother Earth Indus.*, 936 P.2d 1068, 1081 (Utah 1997)). As discussed, the law of the case establishes that Anderson was properly awarded his attorney fees in the district court. And Anderson has now prevailed in the instant appeal. Accordingly, we grant Anderson's

request for the reasonable attorney fees that he has incurred in defending against this appeal.

## CONCLUSION

¶21   After *Gardiner I*, Gardiner owed Anderson $26,412.58 in attorney fees and costs. On remand after *Gardiner II*, the district court awarded Anderson an additional $9,000 in attorney fees and $162 in costs. This is the award before us here, and we affirm the district court's order.

¶22   We now grant Anderson's request for attorney fees incurred on this appeal. And we remand to the district court for the limited purpose of ascertaining the amount of those fees.