2014 UT App 169

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ryan D. MATHEWS, Defendant and Appellant.**

**No. 20130544–CA.**

Court of Appeals of Utah.

July 25, 2014.

Debra M. Nelson and Daniel M. Torrence, for Appellant.

Sean D. Reyes and Tera J. Peterson, for Appellee.

Before Judges JAMES Z. DAVIS, STEPHEN L. ROTH, and MICHELE M. CHRISTIANSEN.

Decision

PER CURIAM:

¶ 1 Ryan D. Mathews appeals an order of the district court revoking his probation, reinstating the probation term, and imposing a 210–day jail term. We dismiss the appeal because subsequent events have rendered the issues moot.

¶ 2 Following an evidentiary hearing in May 2013 on an alleged second violation of probation, the district court revoked and reinstated probation for a period of twenty-four months. The district court ordered Mathews to serve a 210–day jail term and complete the CATS drug treatment program while in jail. The court stated that Mathews could apply for early release upon his completion of the CATS program. While this appeal was pending, Mathews completed the CATS program and was granted an early release from jail with the requirement that probation

would continue for six months beginning on September 16, 2013.

¶ 3 The State requests that this court take judicial notice of the proceedings on a third probation violation report filed in February 2014, while this appeal was pending. *See In re F.M.*, 2002 UT App 340, ¶ 3 n. 2, 57 P.3d 1130 (stating that the court may take judicial notice of the record in the same case). We take judicial notice of the adjudicative facts contained in the March 17, 2014 judgment in the underlying case that revoked probation, terminated it as unsuccessful, and required Mathews to serve sixty days in jail with credit for time served.

¶ 4 As a result of the March 17, 2014 judgment, the issues in this appeal from the May 2013 revocation and reinstatement are now moot. An issue becomes moot while an appeal is pending if "circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *State v. Peterson*, 2012 UT App 363, ¶ 4, 293 P.3d 1103 (internal quotation marks and citation omitted). Because Mathews's probation was terminated and he has since served his jail term, any

claimed error in the May 2013 revocation and reinstatement of probation is rendered moot. Furthermore, although Mathews asserts on appeal that he was prejudiced by the May 2013 decision because "the original expiration of his probationary term of May 2014 was extended to May 2015," the district court released Mathews from jail in September 2013 and amended his probationary term to expire in March 2014, which was two months earlier than his original probation period ordered in the November 2011 sentence. Finally, the subsequent revocation and termination of probation rendered any remaining issues moot.

¶ 5 Based upon the foregoing, we dismiss this appeal under the mootness doctrine because the relief requested—reversal of the May 2013 judgment revoking and reinstating probation—would be of no legal effect.