**2024 UT App 129**

## THE UTAH COURT OF APPEALS

JACQUES BEHAR,
Appellee,
*v.*
BRAD JOHNSON, SAM CLARK, SARA VIGH, AND GREEN HILL ESTATES
HOMEOWNERS ASSOCIATION,
Appellants.

Opinion
No. 20230455-CA
Filed September 12, 2024

Second District Court, Ogden Department
The Honorable Joseph M. Bean
No. 210902938

Zane S. Froerer, Attorney for Appellant

Taylor R. Jones, Attorney for Appellee

JUDGE RYAN M. HARRIS authored this Opinion, in which
JUDGES RYAN D. TENNEY and AMY J. OLIVER concurred.

HARRIS, Judge:

¶1      In 2020, Jacques Behar was elected to be one of five members of the board of trustees (Board) of the Green Hill Estates Homeowners Association (HOA). But in 2021, his fellow Board members, without consulting the rank-and-file HOA members, voted him off the Board. Behar took issue with his removal and filed this lawsuit, asserting that he had been wrongfully removed from the Board because, in his view, only HOA members (and not the Board) have the right to elect or remove Board members. In addition, Behar claimed that the other Board members had been improperly elected. As remedies, he sought his own reinstatement as well as a judicial order limiting the other Board members to mere day-to-day HOA governance until a new election could be held. The district court entered a preliminary

injunction order in which it interpreted the HOA's governing documents in Behar's favor, and in which it reinstated Behar to the Board and ordered that an election be held for the other members. Later, the court entered summary judgment on the merits in favor of Behar, and in addition ordered the Board to pay some of Behar's attorney fees.

¶2      The HOA and three affected Board members (collectively, Appellants) now appeal various aspects of the district court's rulings, including the attorney fees award. But subsequent to those rulings, three developments have taken place that Behar contends have rendered this appeal moot. First, Behar was voted off the Board by the HOA members in an election whose validity is not contested on appeal, and Behar no longer claims any right to hold a seat on the Board. Second, a new election was held for the other Board seats, and no party now claims that any of the current Board members were improperly elected. And third, the HOA paid in full the attorney fees judgment that had been entered in favor of Behar.

¶3      We agree with Behar that these new developments have rendered moot all of Appellants' complaints about the district court's rulings regarding the interpretation of the HOA's governing documents and about the makeup of the Board. And Appellants make no argument for application of any exception to the mootness doctrine. Thus, because no live controversy remains to be decided between these parties on these issues, that part of Appellants' appeal is moot, and we dismiss it on that basis.

¶4      But we reach a different mootness conclusion with regard to the attorney fees award: we conclude that Appellants' challenge to that award has not been rendered moot by the HOA's payment of the judgment. After examination of the merits of this part of Appellants' appeal, however, we discern no abuse of discretion in the district court's attorney fees award, and we affirm it on that basis.

BACKGROUND

¶5 The Green Hill Country Estates is a community of residential property owners located in Huntsville, Utah. Like many similar communities, this one is governed by a set of covenants, conditions, and restrictions (the CC&Rs) and is managed by a homeowners association. The HOA, in turn, is run by a five-member board of trustees whose members are supposed to be elected to staggered three-year terms. Behar was elected to the Board in 2020; at the time, the other Board members included appellants Brad Johnson, Sam Clark, and Sara Vigh.

¶6 In 2021, a debate arose among the HOA members, and among the Board, about whether to turn Green Hill Country Estates into a "gated community" by installing a gate at the entrance. Behar was adamantly opposed to installing a gate, but other Board members were in favor. Over a period of several weeks, disputes arose between Behar and the other Board members and, at a Board meeting in May 2021, the Board voted to remove Behar from the Board, with Johnson, Clark, and Vigh all voting in favor of Behar's expulsion.

¶7 The HOA's governing documents are not entirely clear about whether the Board—as distinct from the HOA membership—has the ability to remove a Board member. Its articles of incorporation—drafted in 1982—provide that "new Trustee[s]" are to be "elected by a majority of the members" of the HOA, but also state as follows:

> Members of the Board of Trustees may be removed at any time with or without cause, by a three-fourth vote at a meeting called with or without cause, by a vote of a majority of the Board of Trustees.

The HOA's bylaws—drafted in 1996—state that Board "Trustees may be removed at any time by a vote of the Members holding seventy-five (75%) percent of the members entitled to vote." The

bylaws also state that "[e]ach Trustee shall hold office until his [or her] successor shall have been elected and qualified." Finally, a Utah statute—first enacted in 2000 and amended several times since—states that, "[u]nless otherwise provided in the bylaws," a director "elected by the voting members" may be removed "only if a majority of the voting members votes to remove the director." Utah Code § 16-6a-808(1)(c).

¶8 Behar's interpretation of these authorities is that only the HOA members—and not the Board—have the right to remove a Board member. Based on this interpretation, Behar filed a complaint (later amended) against the HOA and against Johnson, Clark, and Vigh; the complaint included derivative claims purportedly stated on behalf of the HOA. Behar's main grievance was that the Board did not have the authority to remove him; instead, he asserted that only the HOA members did. Secondarily, he pointed out that the other Board members had all been elected more than three years earlier and had not officially been reelected, and he therefore took the position that their terms had expired. Based on these complaints, Behar asked the court for three forms of relief: (1) an order reinstating him to the Board; (2) an order commanding the HOA to hold a new election for the other Board seats, and in the meantime to limit the Board to mere "day-to-day" HOA decisions; and (3) attorney fees.

¶9 Contemporaneously with the filing of his complaint, Behar asked the district court for a preliminary injunction reinstating him to the Board and ordering new elections for the other Board members. After full briefing and argument, the district court determined that Behar's interpretation of the HOA's governing documents was correct and that the Board did not have "authority to remove another member of the Board." The court also determined that the other members of the Board had "not been elected to the Board by the members of the [HOA] within the last three (3) years," as required by the HOA's governing documents. Based on this interpretation of the documents, the court issued a

preliminary injunction ordering the HOA to reinstate Behar to the Board and to hold a new election for the other Board members "as soon as reasonably possible."

¶10    The HOA complied with the order. It reinstated Behar to the Board. And in August 2021, about six weeks after the court's injunction order, the HOA held a new election at which two items were on the ballot: (1) whether to elect (or reelect) the other Board members, including Johnson, Clark, and Vigh, and (2) whether to remove Behar from the Board. Turnout was high: of the 110 members of the HOA, 96 appeared at the meeting and voted in the election. Johnson, Clark, and Vigh were overwhelmingly reelected. And 86 of the 96 votes were cast in favor of removing Behar from the Board, a figure that is more than 75% of both votes cast and HOA members. Behar challenged the election results, but the district court rejected Behar's challenges.

¶11    Later, Behar filed a motion for summary judgment, asserting in essence that most of the issues in the lawsuit had already been taken care of—largely in his favor—in the context of the court's injunction ruling and all that remained to be adjudicated was his request for attorney fees. The HOA opposed the motion, asserting that the relevant issues had not been definitively decided in the injunction proceedings and that certain procedures required in derivative actions had not been followed. The court again sided with Behar, and reaffirmed its earlier ruling interpreting the HOA's governing documents as Behar did, namely, that the Board members could not vote another Board member out of office. The court also stated that it was specifically not entering summary judgment on Behar's claim regarding the other Board members' three-year terms, but it noted that "the parties ha[d] agreed that this issue [was] moot" given the recent election that had been held. And at the conclusion of its order, the court indicated that, in its view, it had resolved all "factual issues for the [c]ourt to address at trial" and that the only thing

remaining to be considered in the case was any claim Behar might make for attorney fees.

¶12     Behar then filed a motion for attorney fees, claiming that he was entitled to an award of fees pursuant to either (a) a provision in the CC&Rs or (b) a provision in Utah's derivative suit statute allowing fee awards against a nonprofit corporation if "the proceeding results in a substantial benefit to the nonprofit corporation," *see* Utah Code § 16-6a-612(5)(a). After full briefing and argument, the district court made an oral ruling that, under the derivative suit statute, Behar was entitled to recover at least some of the attorney fees he incurred in litigating the case because his suit resulted in a substantial benefit to the HOA. In particular, the court found that Behar's suit "caused the HOA to start crossing their T's and dotting their I's[, w]hereas before, [the HOA] was sloppy, to be generous." The court therefore ordered the HOA to pay all of Behar's fees incurred prior to the date of the oral argument on the motion for preliminary injunction, but it did not quantify that award at that time.

¶13     After the court's oral ruling, the parties entered into a written stipulation. In the recitals of that document, the parties agreed that, in the wake of the court's recent rulings, "there remain[ed] a dispute[] regarding the amount of [the attorney fees] award" and that they "desire[d] to resolve the dispute regarding the amount" of fees to be paid to Behar. In the stipulation, the parties agreed as to the quantification of those fees: they agreed that the HOA would pay Behar $21,000 "within 45 days of April 20th, 2023." The document also included a "release of claims" paragraph wherein Behar agreed to "release [Appellants] of any claim of attorney's fees incurred to date," but by which neither side agreed to release other claims or waive "any defenses or legal theories which may be raised on appeal hereafter."

¶14     Based on this stipulation, the parties submitted an agreed-upon form of judgment for the court's signature, and the court

signed that judgment. A few weeks later, as it had committed to do, the HOA paid Behar $21,000, and Behar filed a satisfaction of judgment with the district court.

## ISSUES AND STANDARDS OF REVIEW

¶15    Appellants now appeal, and they raise various challenges to the district court's orders. Among other things, they assert that the district court improperly adjudicated Behar's derivative claims, that the court issued preliminary injunctive orders that were overbroad, that it misinterpreted the HOA's governing documents, and that the attorney fees award was improper.

¶16    In addition to contesting Appellants' arguments on their merits, Behar asserts—as a threshold matter—that all actual disputes between these parties have been rendered moot by subsequent events. "We review the issue of mootness de novo." *State v. Seat*, 2022 UT App 143, ¶ 15, 523 P.3d 724 (quotation simplified). As discussed herein, we conclude that all of Appellants' challenges—except the attorney fees issue—have been rendered moot by subsequent events.

¶17    With regard to the attorney fees award, Appellants raise a single challenge: they take issue with the district court's determination that Behar's efforts in filing this lawsuit conferred a "substantial benefit" on the HOA. "The determination of whether a substantial benefit is conferred in the context of a derivative action is a mixed question of law and fact," and to answer this mixed question a district court is required "to determine whether a given set of facts comes within the reach of a given rule of law." *LeVanger v. Highland Estates Props. Owners Ass'n*, 2003 UT App 377, ¶ 9, 80 P.3d 569 (quotation simplified). In this context, "we review legal questions for correctness" but "still grant a [district] court discretion in its application of the law to a given fact situation." *Id.* (quotation simplified).

ANALYSIS

¶18   We begin our analysis with examination of Behar's assertion that all of the issues Appellants raise have been rendered moot by subsequent events. On that point, we agree with Behar that two of the relevant issues are moot, but we conclude that the attorney fees issue is not moot. We then proceed to examine the merits of Appellants' challenge to the fees order.

I. Mootness

¶19   "An issue on appeal is considered moot when the requested judicial relief cannot affect the rights of the litigants." *State v. Sims*, 881 P.2d 840, 841 (Utah 1994) (quotation simplified). For an issue to remain live for adjudication, there needs to be "a real controversy between adverse parties," *Baird v. State*, 574 P.2d 713, 715 (Utah 1978), because "courts are not a forum for hearing academic contentions or rendering advisory opinions," *Utah Transit Auth. v. Local 382 of Amalgamated Transit Union*, 2012 UT 75, ¶ 19, 289 P.3d 582 (quotation simplified). And once an issue "is moot, we lack the power to address the underlying merits or issue what would amount to an advisory opinion." *Id*. ¶ 12; *see also State v. Legg*, 2016 UT App 168, ¶ 38, 380 P.3d 360 (stating that "a court does not have jurisdiction to consider a moot case, unless some recognized exception" to the mootness doctrine applies), *aff'd*, 2018 UT 12, 417 P.3d 592.

¶20   In this case, Behar sought three types of relief. On appeal, Behar argues that all three of his requests—and therefore Appellants' challenges regarding them—have been rendered moot by subsequent events. We agree with Behar as to the first two requests, but not as to the third.

¶21   The first type of relief Behar sought was reinstatement to the Board, on the basis that the Board's May 2021 vote to remove him was improper because the vote was taken by the Board members rather than the HOA membership as a whole. But in

August 2021, more than 75% of the HOA members voted to remove him from the Board. Behar does not contest the results of that election here on appeal, and he no longer makes any claim that he has a right to be on the Board, presumably because he has now been voted off the Board by *both* the Board members and the HOA members. As a result, any controversy between these parties about whether the HOA's governing documents allow Board members to remove another Board member or, instead, only allow removal to occur after a vote of the HOA membership, has been rendered entirely academic. Any decision we might make on that point would not have any effect on present Board membership. *See Utah Transit Auth.*, 2012 UT 75, ¶¶ 9, 14 (stating that, "although the parties appear to have had . . . a ripe controversy when the case was filed in the district court, their subsequent negotiation and new collective bargaining agreement rendered the case moot and accordingly non-justiciable," and emphasizing that "where the issues that were before the [district] court no longer exist, the appellate court will not review the case" and that "an appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect" (quotation simplified)). Because there is no longer any live dispute between these parties about Behar's right to be on the Board, this issue is moot.

¶22    The second type of relief Behar sought was a new election for the other Board members. That election has since taken place, and no party now contests the validity of the current Board members' election or contests any current Board member's right to be on the Board. Indeed, the district court—during the summary judgment proceedings—agreed that this issue had been rendered moot by subsequent events, and it noted the parties' stipulation on the issue. Even on appeal, Appellants acknowledge that the issue is "completely moot," but they complain that it was the district court's injunction order that served as the impetus for rendering the matter moot. But this is only partially accurate: to

be sure, the court's order is what gave rise to the new elections, but it is the result of the elections themselves that have rendered any controversy about the validity of the Board members' election moot. Regardless of *how* the elections came to be held, the fact is that they *were* held, and no party contests them now. Thus, any controversy about the propriety of the current Board members' election has been rendered moot.

¶23 Because these two issues have been rendered moot by subsequent events, we have no judicial power to address the challenges Appellants raise with regard to these issues, unless Appellants carry their burden of demonstrating the existence of an established exception to the mootness doctrine. *See Legg*, 2016 UT App 168, ¶ 38. But Appellants make no attempt to carry this burden; indeed, they do not argue for application of any exception to the mootness doctrine with regard to any of their appellate issues. At most, Appellants assert, in passing, that we should hear the appeal because they remain "bound to follow the district court's erroneous interpretation of the governing documents or risk litigation." This statement, without any additional analysis, is simply not sufficient to carry Appellants' burden of demonstrating the existence of an established exception to the mootness doctrine. *See, e.g.*, *Utah Transit Auth.*, 2012 UT 75, ¶¶ 28–31 (stating that there are three elements to the public interest exception); *N.F. v. G.F.*, 2013 UT App 281, ¶ 12, 316 P.3d 944 (explaining the two elements of the collateral consequences exception). Thus, because the first two issues Appellants raise are moot and because Appellants have not shown that an exception to the mootness doctrine applies, we are obliged to dismiss Appellants' appeal as it concerns their first two issues.

¶24 We reach a different conclusion, however, with regard to the third type of relief Behar sought: an award of attorney fees. The court awarded Behar some of the attorney fees he had been seeking, and it entered a judgment to that effect. Since then, however, the HOA paid that attorney fees award in full and Behar

filed a satisfaction of judgment. Now, on appeal, Behar asserts that any controversy related to the propriety of the fees award has effectively been rendered moot by the HOA's full payment of that award. On this record, we are unpersuaded.

¶25    Under Utah law, there is a "general rule" that "if a judgment is voluntarily paid, which is accepted, and a judgment satisfied, the controversy has become moot and the right to appeal is waived." *Jensen v. Eddy*, 514 P.2d 1142, 1143 (Utah 1973), *abrogated in part by Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 59, 342 P.3d 761. But there is a rather significant exception to this general rule: "where a judgment debtor's intention of preserving his right to appeal is made to appear clearly on the record," that debtor "does not waive [its] right to appeal" by paying the judgment. *Utah Res. Int'l*, 2014 UT 59, ¶ 33 (quotation simplified).[1] Appellants assert that, in this case, the HOA intended to reserve its right to appeal the attorney fees award, notwithstanding its full satisfaction of the judgment.

¶26    The operative question, then, is whether the HOA "clearly" made a record of its "intention" to "preserv[e]" its right to appeal the attorney fees award. *See id.* In support of their assertion that it did, Appellants rely heavily on the stipulation that the parties

---

1. In his brief, Behar takes the position that there are no exceptions to the general rule and that a payment in full of an attorney fees judgment always operates to moot any appeal from that judgment. In support of that proposition, Behar relies on two of our cases, both of which were issued in 2006: *Coon v. Fidelity Transfer Co.*, 2006 UT App 401U, and *Turville v. J & J Properties, LC*, 2006 UT App 305, 145 P.3d 1146. Both of these cases predate our supreme court's opinion in *Utah Resources International, Inc. v. Mark Technologies Corp.*, 2014 UT 59, 342 P.3d 761. It should therefore go without saying that, to the extent that our 2006 cases conflict with our supreme court's holding in *Utah Resources International*, we are bound to follow our supreme court's lead.

entered into following the district court's ruling that it would award fees but before the court entered an order quantifying those fees. But that stipulation was not made a part of the record during the district court proceedings and is not part of the record submitted to us on appeal. In recognition of that fact, Appellants now ask us to allow them to supplement the appellate record with a copy of that stipulation, given that Behar is now asserting that the attorney fees issue was completely resolved therein and is now moot. This request is well-taken, and we grant Appellants' motion. It is not uncommon for appellate courts to allow the appellate record to be supplemented with information related to an argument that events occurring subsequent to the completion of the district court proceedings have rendered the appeal moot or otherwise nonjusticiable. *See, e.g.*, *In re C.D.*, 2010 UT 66, ¶¶ 9, 11–12, 245 P.3d 724 (dismissing an appeal as moot because the children at the center of the appeal had since been "placed with their respective biological fathers," even though this occurred after our supreme court granted certiorari on the relevant issues); *State v. Mathews*, 2014 UT App 169, ¶¶ 1–5, 332 P.3d 406 (per curiam) (dismissing an appeal challenging a jail sentence imposed for probation revocation because, "[w]hile [the] appeal was pending," the defendant completed treatment at the jail and was granted early release).

¶27 With that motion granted, the stipulation is now part of the appellate record, and we must examine the terms of that document to determine whether the HOA preserved its right to appeal the attorney fees award. In the recitals of that document, the parties agreed that, in the wake of the court's recent rulings, "there remain[ed] a dispute[] regarding the amount of [the attorney fees] award" and that they "desire[d] to resolve the dispute regarding the amount" of fees to be paid to Behar. In the stipulation, the parties reached agreement as to the quantification of those fees: the HOA would pay Behar $21,000 "within 45 days of April 20, 2023." The document also included a "release of claims" paragraph wherein Behar agreed to "release [Appellants]

of any claim of attorney's fees incurred to date," but by which neither side agreed to release other claims or waive "any defenses or legal theories which may be raised on appeal hereafter."

¶28    While this document could perhaps have been drafted in a way that even more clearly limited the stipulation to the *amount* of attorney fees and more clearly reserved the HOA's right to appeal the issue of Behar's *entitlement* to fees, in our view the document is clear enough: our best reading of that document, especially considering the context in which it was entered (during that moment in time between the court's determination that Behar was entitled to fees and any quantification of those fees), is that it is limited to agreement as to amount of fees, and that the HOA reserved its right to raise, on appeal, any other "defenses or legal theories," including the argument that Behar wasn't entitled to any attorney fees at all.

¶29    This reading is supported by our opinions issued on this topic since *Utah Resources International*. In two of those cases, we deemed it sufficient that the appellant had paid the attorney fees award "under protest." *See Gardiner v. Anderson*, 2018 UT App 167, ¶ 15 n.10, 436 P.3d 237 ("Here, although [the] [t]enant paid the fees, he did so under protest and is therefore not precluded from appealing the district court's order with respect to the propriety of those fees."); *Checketts v. Providence City*, 2018 UT App 48, ¶ 12, 420 P.3d 71 (retaining jurisdiction when the only background fact was that the party "paid the award 'under protest' and now appeal[s] the district court's decisions"). While the HOA's reservation of rights could perhaps have been more artful, we read that reservation as, at a minimum, declaring that the HOA was paying the fees judgment "under protest."

¶30    Accordingly, while the first two issues have been rendered moot by subsequent events, Appellants' challenge to the court's attorney fees award was not, in this case, rendered moot by the HOA's payment of the fees judgment to Behar.

## II. Attorney Fees

¶31 Because the attorney fees issue is not moot, we must consider Appellants' challenge to the fees award on its merits. That challenge is limited to a single grievance, namely, that the district court erred when it concluded that Behar's lawsuit had conferred a "substantial benefit" on the HOA. After examination, we discern no reversible error in the manner in which the court applied the law to this particular fact situation.

¶32 The court awarded fees to Behar pursuant to Utah's derivative suit statute, which allows a court to award fees "if it finds that the proceeding results in a substantial benefit to" the corporation. *See* Utah Code § 16-6a-612(5)(a); *see also Gold's Gym Int'l, Inc. v. Chamberlain*, 2020 UT 20, ¶ 31, 471 P.3d 170 (stating that "the substantial benefit doctrine," which our legislature "has incorporated . . . into Utah law," "generally grants attorney fees to derivative plaintiffs who succeed in the action and confer a substantial benefit on the entity on whose behalf they sued"). As noted, the court determined that Behar's lawsuit had conferred a substantial benefit on the HOA because it "caused the HOA to start crossing their T's and dotting their I's" with regard to the manner in which it followed the mandates of the HOA's governing documents, "[w]hereas before, [the HOA] was sloppy, to be generous." In particular, the court determined that Behar's lawsuit resulted in the HOA no longer allowing the Board (as opposed to the HOA members) to vote someone off of the Board, and in the HOA holding more regular formal Board elections.

¶33 The fact pattern of this case is remarkably similar to the fact pattern in *LeVanger v. Highland Estates Properties Owners Ass'n*, 2003 UT App 377, 80 P.3d 569. In that case, members of a homeowners association brought a derivative suit against the association, complaining that the association had "improperly amend[ed]" its governing documents, including the covenants, conditions, and restrictions affecting the homeowners' properties.

*Id.* ¶ 2. It was ultimately determined, after an initial appeal, that the association had acted improperly in amending the governing documents, and the plaintiffs then asked for an award of attorney fees pursuant to the "substantial benefit" statute. *Id.* ¶¶ 5–6. The district court determined that the lawsuit had conferred a substantial benefit upon the association, *id.* ¶ 7, and we affirmed that determination, *id.* ¶ 25. We emphasized that "a non-monetary benefit, including the promotion and vindication of shareholders' voting rights, can be a substantial benefit in the context of a derivative action . . . ." *Id.* ¶ 24. And we concluded that the benefit in question in the case—that the association was "required to use the proper voting procedures to amend its" governing documents—was substantial, because the suit "conferred a benefit upon [the association] and its members that is more than technical in its consequence and that accomplishes a result which corrects or prevents an abuse which would be prejudicial to the rights and interests of the corporation or affect the enjoyment or protection of an essential right to the stockholder's interest." *Id.* ¶ 25 (quotation simplified).

¶34 So too here. Just like in *LeVanger*, Behar's suit acted to preserve the HOA members' voting rights and required the HOA to effectuate the provisions of its governing documents in the manner determined by the district court to be correct. This benefit is quite similar to the benefit conferred on the association in *LeVanger*, and given this similarity, we cannot say that the district court abused its discretion in determining that the HOA had realized a substantial benefit as a result of Behar's suit. We therefore reject Appellants' sole challenge to the district court's attorney fees award.[2]

---

2. Behar also asks for attorney fees incurred during the appellate process. "As a general matter, when a party who received attorney fees below prevails on appeal, the party is also entitled

(continued…)

CONCLUSION

¶35    Two of the issues Appellants raise on appeal have been rendered moot by subsequent events. Specifically, we dismiss as moot Appellants' challenges to the district court's rulings regarding the interpretation of the HOA's governing documents and the composition of the HOA's Board.

¶36    Appellants' challenge to the court's attorney fees award is not moot, but fails on the merits, because the court did not abuse its discretion in determining that the HOA had realized a substantial benefit as a result of Behar's lawsuit. We therefore affirm the district court's attorney fees award, and we remand the case for the limited purpose of quantifying the reasonable attorney fees and costs Behar incurred on appeal.

———————

to fees reasonably incurred on appeal." *Olé Mexican Foods Inc. v. J & W Distrib. LLC*, 2024 UT App 67, ¶ 57 n.9, 549 P.3d 663 (quotation simplified), *petition for cert. filed*, June 10, 2024 (No. 20240622). Because we affirm the district court's fees award, we grant Behar's request for fees incurred on appeal, and we remand this case for the limited purpose of quantifying that award.