**2026 UT App 17**

## THE UTAH COURT OF APPEALS

OCTAVIO MACIAS RAMIREZ,
Petitioner,
*v.*
THE HONORABLE CLEMENS LANDAU, SALT LAKE CITY JUSTICE
COURT, AND SALT LAKE CITY,
Respondents.

Opinion
No. 20250313-CA
Filed February 5, 2026

Original Proceeding in this Court

Marielle E. Forrest, Attorney for Petitioner

Katherine R. Nichols, Attorney for Respondents
The Honorable Clemens Landau and
Salt Lake City Justice Court

Scott A. Fisher and Paige Williamson,
Attorneys for Respondent Salt Lake City

Derek E. Brown and William M. Hains,
Attorneys for Amicus Curiae State of Utah

JUDGE RYAN M. HARRIS authored this Opinion, in which
JUDGES RYAN D. TENNEY and JOHN D. LUTHY concurred.

HARRIS, Judge:

¶1 Octavio Macias Ramirez was arrested and charged with, among other things, driving under the influence (DUI). The charges were first filed in justice court, with the DUI charge filed as a class B misdemeanor, and Ramirez eventually pled guilty and was sentenced. Just days later, the justice court ordered Ramirez's plea withdrawn and dismissed the case, concluding that because Ramirez had at least one prior DUI conviction, the case should have been filed in district court as a more serious offense.

¶2    Ramirez then filed a petition with this court seeking extraordinary relief, asking us to command Judge Clemens Landau and the Salt Lake City Justice Court to vacate the order dismissing the case and reinstate his guilty plea to the class B misdemeanor charge. Among other arguments, Ramirez asserts that Judge Landau acted inappropriately in ordering his plea withdrawn and dismissing the case, and he claims that, to the extent the court was acting pursuant to Utah Code section 41-6a-513 (the Plea Acceptance Statute), that statute is unconstitutional.

¶3    But after filing this petition for extraordinary relief, Ramirez entered a guilty plea in district court to a class A misdemeanor DUI charge stemming from the same incident. Salt Lake City (the City) asserts that this development has rendered Ramirez's petition moot, and we agree. On this basis, we dismiss Ramirez's petition for extraordinary relief.

BACKGROUND

¶4    In July 2022, Ramirez was arrested on suspicion of, among other things, driving under the influence of alcohol or drugs. About a week later, the City filed criminal charges in justice court against Ramirez stemming from this incident; among other counts, the City brought a class B misdemeanor DUI charge.

¶5    For reasons not entirely clear from the record, the justice court case languished until February 2025. On the 18th of that month, Ramirez was apparently picked up on an arrest warrant, and that same day two additional things happened. First, the City filed a motion asking the justice court to dismiss the case without prejudice, asserting that "the case was filed in 3rd District Court." This assertion was correct—a separate case accusing Ramirez of DUI relating to the July 2022 incident had been filed in March 2024

in district court; in that case, the DUI count was filed as a class A misdemeanor.[1]

¶6      Second, Ramirez appeared at a hearing in justice court and, with the advice of counsel (Counsel), agreed to plead guilty as charged to the class B misdemeanor DUI count. During the plea colloquy, the city prosecutor lodged no objection or opposition to the plea, nor did he ask that the City's motion to dismiss—apparently filed earlier that day—be heard or adjudicated. Ramirez asked to be sentenced that same day, and during the discussion between the court and the attorneys about sentencing, the prosecutor interjected and stated that he thought Ramirez's DUI offense was "a fifth in ten," an apparent reference to a statutory provision that classifies DUI offenses as potential felonies—to be brought in district court—if the defendant "has two or more prior convictions" for DUI within the past ten years. *See* Utah Code § 41-6a-503(2)–(3) (2022). After this statement, Counsel asked for clarification regarding the prosecutor's assertion that Ramirez had other DUI convictions, and the court observed that if this was really Ramirez's fifth DUI conviction in ten years, the case should not be in justice court. The prosecutor stated that he could see at least one prior conviction on Ramirez's record, but he reasoned that the case must have gone "through the district court and came back." Ultimately, the prosecutor stated that he "would be fine" with the "standard" sentence Counsel proposed, and the court then sentenced Ramirez as if it were his first DUI conviction. Two days later, on February 20, the justice court signed a minute entry—captioned "Sentence, Judgment, Commitment"—memorializing Ramirez's sentence.

---

1. The district court case listed the defendant's name as Gustavo Munoz Sandoval, which is apparently an alias of Ramirez. All parties agree that Octavio Macias Ramirez and Gustavo Munoz Sandoval are the same person.

¶7     In his petition, Ramirez asserts that, at some point a few days after the plea and sentencing hearing, the justice court clerk contacted the attorneys for the purpose of determining "how the court should enter the case into the system." Ramirez claims that the clerk wanted to know if this really was his first DUI offense. After apparently receiving conflicting answers from the attorneys, the court set the matter for a "paper review" hearing, at which the attorneys were present but Ramirez was not. After considering arguments from the attorneys at that hearing, the court took the matter under advisement. Two days later, the court issued a signed minute entry citing the Plea Acceptance Statute and stating that the court had "erred in accepting an invalid plea during a busy arraignment calendar" and that it was thereby "withdraw[ing] that invalid plea, vacat[ing] [Ramirez's] sentence, and dismiss[ing] the case." About a month later, on March 24, 2025, Ramirez filed the petition for extraordinary relief that forms the basis for this proceeding.

¶8     Meanwhile, after Ramirez's arrest, the district court case also began to move along. On February 21, 2025, Ramirez made his initial appearance in that case, and after several continuances, in June 2025 Ramirez—with the advice of an attorney—pled guilty to the class A misdemeanor DUI charge in district court. The district court's sentencing minutes state that Ramirez's DUI conviction was his second one in the previous ten years. There is no indication in the record submitted to us that Ramirez ever asserted, in district court, that entry of conviction on the class A charge would violate double jeopardy principles, nor is there any indication that Ramirez ever asked the district court to stay proceedings in the case pending the outcome of Ramirez's petition for extraordinary relief. And there is no indication that Ramirez has attempted to appeal or seek other relief from his district court conviction or sentence.

ISSUES AND STANDARDS OF REVIEW

¶9     In his petition, Ramirez takes issue with the justice court's order withdrawing his guilty plea to the class B misdemeanor DUI charge and dismissing the case. He asserts that—to the extent the justice court relied on the Plea Acceptance Statute as the basis for its action—the Plea Acceptance Statute is unconstitutional, both on its face and as applied to him. Among other arguments, he asserts that the Plea Acceptance Statute, as applied here, violates double jeopardy principles. He also claims that he has no plain, speedy, or adequate remedy other than an order of extraordinary relief. In particular, he seeks an order commanding Judge Landau and the Salt Lake City Justice Court to vacate the order dismissing the justice court case and to reinstate his guilty plea in that case to the class B misdemeanor DUI charge.

¶10     As a general matter, extraordinary relief is available when a lower court has "abused its discretion" and "no other plain, speedy and adequate remedy is available." Utah R. Civ. P. 65B(a), (d)(2). But we need not delve deeply into the substantive standard of review because—for the reasons discussed below—we conclude that Ramirez's petition has been rendered moot by his subsequent plea, in district court, to a class A misdemeanor DUI charge stemming from the same events. "The question of whether issues presented in an appeal have been rendered moot by events occurring after the appeal has been filed is a question that, by definition, arises for the first time here on appeal, and therefore our decision is not governed by any standard of review, and we decide the matter as a question of law in the first instance." *State v. Dowhaniuk*, 2025 UT App 100, ¶ 12, 574 P.3d 1000 (cleaned up).

ANALYSIS

¶11     As noted, the City asserts that Ramirez's petition has been rendered moot by his guilty plea in district court. Ramirez disagrees, asserting that his district court plea did not moot his

petition because "there is still a remedy available" to him, namely, for "this court to have his guilty plea and sentence reinstated in his justice court case." Ramirez also argues in the alternative that, even if his petition is moot, "an exception to mootness applies." For the reasons that follow, we agree with the City that Ramirez's district court plea has rendered moot the issues Ramirez raises in his petition for extraordinary relief, and that no exception to the mootness doctrine applies here.

¶12   We begin by noting that the "doctrine of mootness" is not "a mere matter of convenience or judicial discretion" but, instead, "is a constitutional principle." *Utah Transit Auth. v. Local 382 of Amalgamated Transit Union*, 2012 UT 75, ¶ 27, 289 P.3d 582. Thus, it is not "left to our discretion to decide which cases should be spun out and which cut off based on some vague sense of fairness or importance of the issue." *Id.*; *see also State v. Seat*, 2022 UT App 143, ¶ 32, 523 P.3d 724 ("When a case is moot, courts are constitutionally powerless to hear and adjudicate the case, because courts' power is limited to the judicial power conferred by the [Utah] constitution, and courts may not act extra-judicially (regardless of how interesting or important the matter presented for our consideration)." (cleaned up)).

¶13   The "defining feature" of mootness "is the lack of capacity for the court to order a remedy that will have a meaningful impact on the practical positions of the parties." *Utah Transit Auth.*, 2012 UT 75, ¶ 24. The answer to mootness questions thus turns in large part on whether an order granting the requested relief would still be effective. *See id.* ¶ 14 ("An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." (cleaned up)); *Behar v. Johnson*, 2024 UT App 129, ¶ 19, 557 P.3d 607 ("An issue on appeal is considered moot when the requested judicial relief cannot affect the rights of the litigants." (cleaned up)).

¶14 In this case, given the cast of characters who are before us as parties to this proceeding, the relief Ramirez seeks—even if granted—would have no "meaningful impact on the practical positions of the parties." *Utah Transit Auth.*, 2012 UT 75, ¶ 24. As noted, Ramirez asks us to order Judge Landau and the Salt Lake City Justice Court to vacate the order dismissing the justice court case and to reinstate his guilty plea in that case to the class B misdemeanor DUI charge. He asserts that this relief is still available—in other words, that we are still capable of ordering it—despite his district court plea. But even if we were to order the requested relief, it would have no effect on the existence or validity of Ramirez's class A misdemeanor DUI plea and conviction in district court. After all, Ramirez does not ask us to command the *district court* to do anything; indeed, neither the district court nor the prosecuting entity in that court—the State of Utah—is a party to this proceeding. Even if we were to order the justice court to reopen the justice court case and reinstate Ramirez's class B guilty plea and sentence in that case, the class A guilty plea and sentence in district court would still remain. Ramirez does not adequately explain how, in this situation, the remedy he requests would, even if given, operate to afford him any meaningful relief. Because the remedy he seeks cannot afford him any meaningful relief, Ramirez's petition is moot.

¶15 When a case is moot, "we will not hear the matter" unless "an exception to our mootness doctrine" applies. *See Widdison v. State*, 2021 UT 12, ¶ 12, 489 P.3d 158. In this case, Ramirez argues that such an exception applies, and the exception he identifies has three elements, each of which must be present: (1) the case must involve "an issue that affects the public interest"; (2) the issue presented must be "likely to recur" in the future; and (3) the issue must be one that, "because of the brief time that any one litigant is affected," is likely to evade review in the future. *Utah Transit Auth.*, 2012 UT 75, ¶ 32; *accord Widdison*, 2021 UT 12, ¶ 14. The burden of demonstrating the existence of these elements falls upon the party invoking the exception. *See Widdison*, 2021 UT 12,

¶ 57 (noting that the party invoking the exception bears the "burden of persuasion"). But even if we assume, for purposes of this discussion, that the first two elements are met here, we conclude that the third one is not.

¶16 We are simply not persuaded that the issue presented here is one that is likely to evade review. We are assuming, for purposes of this discussion, that the issue is likely to recur in the future; we think this is a fair assumption given the volume of DUI cases filed by different prosecuting entities in this state. *See, e.g.,* Utah Comm'n on Crim. & Juv. Justice, *23rd Annual DUI Report to the Utah Legislature* 25 (2025) (reporting that "Utah courts disposed of 12,099 total DUI-related cases in [fiscal year] 2025"), https://justice.utah.gov/wp-content/uploads/2025-DUI-Annual-Report-Final-Oct2025.pdf [https://perma.cc/B3TY-R3V4]. And when it does happen, there are mechanisms available to the parties if they wish to prevent a district court plea from mooting a previous justice court plea: they can seek to stay the district court case while the justice court issues get sorted out.

¶17 Indeed, that is what happened in a similar case currently pending before our supreme court. *See Adams v. Salt Lake City*, No. 20241284 (Utah filed Dec. 2, 2024). In that case, a city filed a class B misdemeanor DUI charge against a defendant in justice court.[2] When the defendant attempted to plead guilty to the charges in justice court, the city (citing the Plea Acceptance Statute) objected. The defendant's attorney argued that the Plea Acceptance Statute was unconstitutional as applied there, and the justice court agreed and allowed the case to proceed in district court. The defendant then filed a petition for extraordinary relief. And in district court,

---

2. The procedural history we recite here regarding the *Adams* case is taken from the briefs filed in that case. *See* Brief of Petitioner at 2–6, *Adams v. Salt Lake City*, No. 20241284 (Utah July 16, 2025); Brief of Respondent at 3–6, *Adams v. Salt Lake City*, No. 20241284 (Utah Aug. 15, 2025).

the defendant did not plead to the enhanced charge but, instead, arranged to have the district court case stayed while the petition for extraordinary relief ran its course. The *Adams* case is already scheduled for oral argument before our supreme court. Thus, not only are the issues Ramirez raises not likely to evade review, they are currently under review by our supreme court. Accordingly, the exception to the mootness doctrine does not apply here.

¶18 Finally, we note that one aspect of Ramirez's petition for extraordinary relief—his double jeopardy argument—fails on an alternative ground, because Ramirez had a plain, speedy, and adequate remedy of which he did not avail himself. Extraordinary relief is available only "[w]here no other plain, speedy and adequate remedy is available." Utah R. Civ. P. 65B(a); *accord* Utah R. App. P. 19(a). Indeed, "a petition for extraordinary relief is not a proceeding for general review, and cannot be used as such." *Gilbert v. Maughan*, 2016 UT 31, ¶ 15, 379 P.3d 1263 (cleaned up); *see also id.* ¶ 21 (rejecting extraordinary relief where a petitioner could not "demonstrate[] that the ordinary judicial process did not provide . . . a plain, speedy, and adequate remedy to challenge the order"). Here, Ramirez could have raised his double jeopardy argument to the district court in the context of contesting the class A misdemeanor DUI charge. At the time he pled guilty to that charge, he had already both (a) pled guilty and been sentenced in justice court on a DUI charge stemming from the same act and (b) filed a petition for extraordinary relief asserting that double jeopardy principles were implicated by the subsequent district court prosecution. If Ramirez's argument is correct, it would have been the *second* prosecution that violated double jeopardy principles. *See State v. Gardner*, 2019 UT App 78, ¶ 12, 442 P.3d 1262 ("It is well settled that jeopardy attaches when a court accepts a guilty plea." (cleaned up)). Yet he did not raise those arguments with the district court, and he instead elected to plead guilty to the class A misdemeanor DUI charge.

CONCLUSION

¶19    For all of these reasons, we conclude that Ramirez's petition for extraordinary relief has been rendered moot by his district court guilty plea and that no exception to the mootness doctrine applies here. Thus, we dismiss Ramirez's petition.

––––––––––